# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| NIKKI LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:15-cv-306-JVB-JEM |
| | ) |
| DIRECTOR, MILWAUKEE OFFICE | ) |
| UNITED STATES DEPARTMENT | ) |
| OF JUSTICE (ED-WI) OFFICE OF THE | ) |
| U.S. ATTORNEY, | ) |
| | ) |
| DIRECTOR, MILWAUKEE OFFICE | ) |
| FEDERAL BUREAU OF | ) |
| INVESTIGATION, | ) |
| | ) |
| DIRECTOR, MILWAUKEE OFFICE | ) |
| OFFICE OF U.S. TRUSTEE/ | ) |
| U.S. TRUSTEE PROGRAM | ) |
| U.S. DEPARTMENT OF JUSTICE | ) |
| (ED-WI), | ) |
| | ) |
| SPECIAL AGENT IN CHARGE, U.S. ATF | ) |
| U.S. BUREAU OF ALCOHOL, | ) |
| TOBACCO, FIREARMS | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss and for Summary Judgement. Among other things, Defendants ask the Court to dismiss this action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff proceeds *pro se*.

**A.      Factual Allegations**

In 2008, while his Chapter 7 bankruptcy case was pending in the Eastern District of Wisconsin, Plaintiff Nikki Lee founded the World Burnout Tour ("WBT"), a "high octane event"

held at motorcycle rallies across the country, highlighted by motorcyclists "blowing tires and smokin' the crowds." (Compl. ¶¶ 51,57); *see also* Nick Lee, World Burnout Tour, Biography of Nick Lee (Jan. 11, 2016), http://www.worldburnouttour.com/bio.html. Soon thereafter, Lee, "The Burnout King," entered into an agreement with Haulmark Industries, Inc., a national manufacturer of specialty enclosed trailers, headquartered in Bristol, Indiana. (Compl. ¶ 19.) As part of their agreement, Lee served as Haulmark's "on-the-road sales representative" at WBT, where he was "guest entertainer." (Compl. ¶¶ 19, 24.) In exchange, Haulmark paid Lee monthly payments and commission based on trailer sales. (Compl. ¶ 24.) To bolster sales, Haulmark provided Lee two customized trailers, a Stacker Trailer and a Haulmark Motorcoach, for display. (Compl. ¶¶ 19–20.) Each trailer was valued at $129,624.50. (Compl. ¶ 24, Ex. B.)

The parties' agreement soured and on July 9, 2009, Haulmark sued Lee in Elkhart County, Indiana, Superior Court, seeking return of its trailers. (Compl. ¶ 27.) This dispute was resolved two years later, when the parties entered into a confidential settlement agreement. (Compl. ¶ 35.) Under its terms, Lee waived his claims to compensation owed for the period he served as Haulmark's sales representative and Haulmark agreed to sell Lee the trailers at a negotiated price. (Compl. ¶ 36.) Unable to pay for the trailers himself, Lee convinced his brother, Daric Wellens, a Nebraska resident, to pay Haulmark the settled price. (Compl. ¶ 37.) As a condition of payment, Wellens maintained legal title of the trailers until Lee could pay him the purchase price. (Compl. ¶ 53.)

On January 4, 2012, FBI and ATF agents seized the trailers from the Wellens residence in Nebraska. (Compl. ¶ 48.) According to the government, Lee acquired a $50,000 interest in the trailers weeks before he filed for bankruptcy in 2008 and failed to disclose this interest in violation of federal law. (DE 17.) Following the seizure, Lee initiated an *in rem* proceeding in

Elkhart County Superior Court, seeking to clarify ownership of the trailers during the period in question. (Compl. ¶ 61.) He also filed the instant *pro se* complaint, alleging, among other things, that Defendants wrongfully seized his property without any probable cause in violation of his constitutional rights. On July 16, 2015, Defendants timely removed the case to this Court. They now move the Court to dismiss this action for improper venue, failure to state claims for which relief may be granted, and for summary judgment.

**B.     Discussion**

Defendants make three arguments: (1) venue is improper; (2) with the exception of the abuse of process claim, Lee fails to state claims for which relief may be granted; and (3) Lee failed to exhaust administrative remedies.

**(1)     *Venue is improper***

Generally, in actions brought against officers or employee of the United States, venue is proper in a judicial district where:

> (A) a defendant in the action resides; (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).

For venue, the residence of a federal officer is "the place where he performs his official duties." *Reuben H. Donnelley Corp. v. F.T.C.*, 580 F.2d 264, 266 n.3 (7th Cir 1978). Thus, Defendants in this case are all deemed to reside in the Eastern District of Wisconsin. Next, the events giving rise to Lee's claims arose in Nebraska, where federal agents seized the Haulmark trailers from the Wellens residence. (Compl. ¶ 48.) Finally, real property is involved in this

action and Lee is a resident of the State of Michigan. For these reasons, venue is improper in the Norther District of Indiana.

**C.     Conclusion**

Having found that the venue is improper in this judicial district, the Court orders the clerk to transfer this case to the Eastern District of Wisconsin for further disposition, including the ruling on Defendants' Motion to Dismiss and for Summary Judgment.

SO ORDERED on March 3, 2016.

                                                                    S/ Joseph S. Van Bokkelen
                                                                  JOSEPH S. VAN BOKKELEN
                                                                  UNITED STATES DISTRICT JUDGE